**LAW OFFICES OF JULIA M. YOUNG**
**JULIA M. YOUNG, SBN 225077**
4120 Douglas Blvd., Suite 306-494
Granite Bay, CA 95746
Tel: (916) 296-0786
Fax: (916) 914-1997
Email: juliayoung21@hotmail.com

Attorney for Plaintiff
CHRISTOPHER KERSHNER

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER KERSHNER,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA EAGAN, Police Officer for the City of Auburn; PHILIP ISETTA, Police Officer for the City of Auburn; ANGELA McCOLLOUGH, Police Officer for the City of Auburn; RYAN KINNAN, Chief of Police for the City of Auburn; CITY OF AUBURN, a city government and operator of the Auburn Police Department; and Does 1 through 100,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CHRISTOPHER KERSHNER, complains and alleges as follows:

**I.    JURISDICTION**

1. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violations of Plaintiff's civil rights.  Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.  This Court also has supplemental

1

jurisdiction over Plaintiff's state law claims, if any, pursuant to 28 U.S.C. section 1367.

## II.    VENUE

2. Plaintiff's claims, alleged herein, arose in the County of Placer, State of California.  Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the defendants reside, and the acts complained of occurred, within the territorial boundaries of this United States District Court.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

3. Intra-district venue is proper in the Sacramento Division of this Court under Local Rule 120(d) because the acts and omissions that are the basis of this complaint occurred within Placer County.

## III.    INTRODUCTION

4. This is a civil rights complaint arising out of an allegation of unlawful arrest and false imprisonment of plaintiff that occurred on or about June 22, 2019, by Auburn Police Officers JOSHUA EAGAN, PHILIP ISETTA, and ANGELA McCOLLOUGH.  All of these officers violated plaintiff's Fourth Amendment right against unreasonable search and seizure and plaintiff's Eighth Amendment right against cruel and unusual punishment.

5. On or about June 22, 2019, plaintiff was lawfully at Pistol Pete's, an entertainment venue in Auburn, California.  Plaintiff was with several friends celebrating a party for a local Placer County high school principal's birthday when Auburn Police Officers JOSHUA EAGAN and PHILIP ISETTA entered the restaurant after they had spotted plaintiff eating pizza with friends.  Officer

EAGAN and Officer ISETTA told Plaintiff he was violating the terms of his probation.

6. Defendant ANGELA McCOLLOUGH was the acting supervisor on duty that night on the day of the incident.

7. The defendants claimed Plaintiff was prohibited from being at Pistol Pete's. This information was false. Pistol Pete's was an approved venue where Plaintiff was allowed to visit even when his probation contained alcohol terms. The Auburn Police Department attempted to bar Plaintiff from Pistol Petes and a judge wouldn't approve it.

8. On June 13, 2019, more than a week prior to the incident, Plaintiff appeared before the Honorable Alan V. Pineschi who granted Plaintiff a modification to the terms of his probation allowing Plaintiff to consume alcohol and frequent establishments that primarily serve alcohol. Therefore, Plaintiff was within his rights and the terms of his probation to be at Pistol Pete's and even consume alcohol.

9. Prior to approaching Plaintiff, both Officer Eagan and Officer Isetta informed employees of Pistol Pete's that they intended to arrest plaintiff. They even commented to patrons and other employees of the mini mall that "things were about to get exciting," demonstrating their intention to put many other lives at risk including the Plaintiff's.

10. After being approached by the officers, Plaintiff made numerous attempts to inform them that the terms of his probation had been modified and he was allowed to consume alcohol and was also allowed to be in an establishment that

sold alcohol. Plaintiff asked the officers to call his attorney to verify this information, but they refused.

11. Plaintiff was also in possession of a common non-narcotic medication for which he had a prescription. Plaintiff commonly carries these pills on his person his medication was inside its prescription bottle.

12. In the past, Auburn Police Officers have been observed giving other people warnings for violating alcohol terms at this same venue. The defendants could have very easily written a ticket or given a verbal warning which could have been taken care of at a later date. Instead, both defendants wanted to cause a scene to embarrass Plaintiff.

13. It was clear that the officers had no intention of following proper procedure, but only sought to harass plaintiff. The defendant law enforcement officers and the defendant City of Auburn Police department as the City of Auburn, had a custom and practice of not following established procedures, and engaged in many activities that violated the Plaintiff's constitutional rights to be free from illegal searches and seizures.

14. Plaintiff was arrested in front of all of his friends and hundreds of patrons at the venue. If the officers had verified the information, they would have learned that plaintiff was not violating the terms of his probation and had a legal right to consume alcohol and be at the restaurant.

15. Plaintiff was taken to Placer County Jail where he was booked for violating the terms of probation. Officer Eagan even taunted Plaintiff with a bail increase and Narcotics/Controlled Substance charge because of the prescribed medication

found on Plaintiff. The officers never attempted to verify that plaintiff had a valid prescription for these pills. Bail was set at $10,000.00.

16. Plaintiff was forced to post bail to be released from custody. After being released from custody, Plaintiff went to the emergency room at Sutter Auburn Faith Hospital because of the anxiety and stress caused by the arrest and to get a re-fill on the prescription pills that the defendants illegally seized.

17. Plaintiff's arrest for drugs was widely circulated on the internet and in the local newspaper and continues to be circulated on the internet to this day.

18. To this day, internet sources still show information that Plaintiff was arrested for narcotics on this date.

19. This arrest destroyed Plaintiff's political campaign by painting a picture that he was a drug user or dealer. Plaintiff was running for Placer County Supervisor and this arrest and the subsequent media coverage destroyed his chances of election.

20. On or about July 3, 2019, less than two weeks from the date plaintiff was arrested, he received a letter from the Placer County District Attorney's Office which informed him that they were declining to file any charges due to insufficient evidence.

21. Through this complaint, plaintiff seeks to recover for the pain and suffering caused by defendants' actions. Specifically, plaintiff seeks compensation for pain and suffering, emotional distress, loss of income and other monetary loss as a result of defendants' negligent and intentional actions. Plaintiff also seeks

to recover punitive damages as a result of defendants' malicious and intentional act of arresting plaintiff.

## IV.  PARTIES

22. Plaintiff, CHRISTOPHER KERSHNER, is a resident of the County of Placer, State of California.

23. Defendant JOSHUA EAGAN, is a Police Officer for the Auburn Police Department at the time of the incident and he is being sued in his individual capacity.

24. Defendant PHILIP ISETTA, is a Police Officer for the Auburn Police Department at the time of the incident and is being sued in his individual capacity.

25. Defendant ANGELA McCOLLOUGH, is a Police Officer for the Auburn Police Department at the time of the incident and is being sued in her individual capacity.

26. Defendant, RYAN KINNAN, is the Chief of Police for the City of Auburn at the time of the incident and is being sued in his individual capacity.

27. Defendant CITY OF AUBURN, located in Auburn, California, County of Placer is responsible for the management and oversight of the officers and employees of the City of Auburn Police Department, which include defendants EAGAN, ISETTA, McCOLLOUGH, and KINNAN.

28. The true names, identities and capacities of defendants sued herein as DOES 1 through 100, inclusive, whether individual, corporate, or otherwise are unknown to Plaintiff. When their true names, identities, and capacities are ascertained, Plaintiff will amend this complaint by asserting their true names and capacities

herein. Plaintiff is informed, believes, and thereon alleges, that at all times herein mentioned, all defendants, including Does 1 through 100, inclusive: (i) are qualified to do business in California, and/or did, in fact, do business in California; (ii) jointly perpetrated the acts herein with their co-defendants; (iii) were the successors in interest to, or agents, alter egos, principals, co-tenants, partners, joint venturers, or co-conspirators of their co-defendants in doing the things herein alleged; and/or (iv) were acting within the scope of their authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their co-defendants in doing the things herein alleged, and therefor are liable, jointly and severally, for all damages and other relief or remedies sought by complainant in this action.

29. Plaintiff alleges on information and belief that each of the Defendant DOES 1 through 100 were employed by the Auburn Police Department at the time of the acts alleged herein.

30. Plaintiff alleges that DOES 1 through 100 denied Plaintiff's right to be free from unreasonable search and seizure and to be free from cruel and unusual punishment. These denials have caused and/or contributed to plaintiff's injuries.

## V.   EXHAUSTION OF PRE-LAWSUIT PROCEDURES

31. Plaintiff has exhausted all of his claims as required under federal law by filing a claim form with the City of Auburn within the time frame required.

## VI.   FACTUAL ALLEGATIONS

32. Because of defendants' negligent and intentional actions, plaintiff was unlawfully arrested and incarcerated in the Placer County Jail. He was forced to post bail

in order to be released.  As a result of defendants' negligent and intentional actions, plaintiff suffered severe emotional distress, pain and suffering, and loss of income and other monetary damages.

### VII.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
Unreasonable Search and Seizure
(42 U.S.C § 1983)
*Against All Defendants*

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. The actions of defendants resulted in the unreasonable search and seizure of plaintiff.  Because of defendants' negligent and intentional conduct, plaintiff was unlawfully arrested and taken into custody at Placer County Jail where he remained until he posted bail.

35. The actions of defendants resulted in a violation of plaintiff's constitutional right to be free from unreasonable searches and seizures.

36. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff endured pain and suffering, emotional distress, loss of income and other economic damages.

37. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**SECOND CLAIM FOR RELIEF**
Cruel and Unusual Punishment
(42 U.S.C. § 1983)
*Against All Defendants*

8

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39. The actions of all defendants have resulted in a violation of plaintiff's constitutional right against cruel and unusual punishment. Plaintiff was kept in custody until he was allowed to post bail. The arrest in front of his friends and the other patrons at the restaurant resulted in severe emotional distress, pain and suffering, loss income and other monetary damages.

40. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**THIRD CLAIM FOR RELIEF**
Intentional Infliction of Emotional Distress
California Civil Code § 3333, and Evidence Code §§ 665 and 668.
*Against all Defendants*

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40, as though fully set forth herein.

42. The conduct of all of the defendants was outrageous and extreme and directed at Plaintiff for the sole purpose of causing him embarrassment in front of his friends and the other patrons. This was done in a calculated manner to cause severe emotional distress or was done with a substantial certainty that Plaintiff would suffer severe emotional injury.

43. Plaintiff had previously been assaulted by Placer County Sheriff's Deputies and taking him back to the jail where the previous attack occurred caused Plaintiff's PTSD to resurface. This lawsuit was filed in federal court in the Eastern District of California and has since resolved favorably to Plaintiff.

44. As a direct result of the conduct of the defendants, Plaintiff suffered severe emotional and psychological damage.  Intent to do wrong by Defendants is presumed under California Evidence Code § 665 and § 668.

45. As a direct and proximate result of the foregoing conduct of the defendants, Plaintiff has suffered general damages, in an amount of at least $5,000,000 dollars. This amount includes, but is not limited to:  (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.

46. The foregoing acts and omissions of the defendants were committed with unbridled malice that was despicable and done with the intentional disregard for Plaintiff's physical and mental person. As a result, punitive damages should be awarded against all defendants, under California Civil Code § 3294.

### FOURTH CLAIM FOR RELIEF
California Civil Code § 3333
Negligence
*Against all Defendants*

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

48. The defendants held positions of authority over Plaintiff that gave them real authority to affect Plaintiff's person.  As a consequence of this authority, the defendants had a duty to verify the information that Plaintiff was allowed to be at Pistol Pete's. Plaintiff had a lawful right to be at Pistol Pete's in Auburn,

10

California and had always been allowed to be at this venue. He asked them to call his attorney to verify this. He even told them the paperwork that proved this information was at his house a short distance away.  Instead, the defendants refused to call his attorney and refused to take him to his house to retrieve the paperwork.  They instead arrested him and took him to Placer County Jail.

49. The defendants breached the foregoing duty by failing to verify this information and arresting Plaintiff.

50. As a result of the breach of this duty by the defendants, Plaintiff was falsely arrested and suffered severe emotional distress.

51. As a direct and proximate result of the foregoing conduct of the defendants, Plaintiff has sustained general damages in an amount of at least $5,000,000. This amount includes, but is not limited to  (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.

**FIFTH CLAIM FOR RELIEF**
Interference With Plaintiff's Constitutional Rights Under California Civil Code §§ 52 (a) and 52(b) and seq. - The Bane Act
*Against all Defendants*

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51, as though fully set forth herein.

53. The defendants committed unwarranted acts against Plaintiff that were in violation his rights under the laws of the constitution of the United States and/or the laws and constitution of the State of California.

54. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff has sustained general damages in an amount of at least $5,000,000. This amount includes, but is not limited to (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.

55. Pursuant to California Civil Code §52(a) and §52.1(b), Plaintiff is entitled to treble the amount of consequential damages that are proven.

56. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff is entitled to recover his costs and attorneys fees under Civil Code §52(b) and §52.1(h).

**SIXTH CLAIM FOR RELIEF**
Interference With Plaintiff's Constitutional Right to
Be a Political Candidate
*Against all Defendants*

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57, as though fully set forth herein.

58. At the time of the arrest, Plaintiff was running as a candidate for Placer County Supervisor.

59. As a result of the arrest and the widespread media circulation of the arrest in the community, Plaintiff's chances for a successful campaign were destroyed.

60. At the time of the arrest, the defendants were aware that the Plaintiff was running for an elected office and knew that by arresting him, it would destroy his chances of a successful campaign.

61. Prior to the arrest, Plaintiff was running a viable campaign for office. He is well-liked and well known in the community, particularly in his stance against drug abuse. Plaintiff is a long-time resident of Auburn, California, and cares greatly for the community and the people of Auburn. He ran for office because he believes if fairness and justice and wanted to make a difference for the community.

62. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff has sustained general damages in an amount of at least $5,000,000. This amount includes, but is not limited to  (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.  (d) The emotional distress and mental anguish of realizing that all of his hard work and the work of many people working on his campaign would be wasted.

### SEVENTH CLAIM FOR RELIEF
Illegal Seizure of Medication
Deliberate and Callous Disregard for Inmate Medical Problems
(42 U.S.C. § 1983)

13

*Against Defendants Eagan and Isetta*

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62, as though fully set forth herein.

64. After Plaintiff was released from custody after posting bail, the defendants refused to return Plaintiff's medication that was seized.

65. Even after the Placer County District Attorney declined to file charges, Plaintiff's medication was never returned to him.

66. Plaintiff had a valid prescription for this medication. As stated previously, after being released from custody, Plaintiff went to Sutter Auburn Faith Hospital to be treated for anxiety and stress and also to have his medication re-filled because he could not be without it.

67. The actions of defendants resulted in a violation of plaintiff's constitutional right to be free from unreasonable searches and seizures. The unlawful seizure of his medication violated Plaintiff's constitutional rights.

68. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff endured pain and suffering, emotional distress, and other economic damages.

69. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**EIGHTH CLAIM FOR RELIEF**
Supervisory Liability for Violation of Plaintiff's Constitutional
Rights Under 42 U.S.C. § 1983
*Against Defendants McCullough and Kinnan*

14

70. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. Defendant McCullough and Defendant Kinnan are employees of the City of Auburn, California that have responsibility for the (a) supervision and training of Auburn Police Department officers in their duties as police officers.  At all relevant times, Defendant McCullough and Defendant Kinnan had a duty to ensure that their officers followed all policies and procedures including, but not limited to ensuring that their officers followed all state and federal laws and that their officers were well-trained and well-versed in performing their duties to ensure all State and federal laws were followed.

72. Based on the acts and omissions of Defendant EAGAN and Defendant ISETTA it is clear that either (i) these defendants were not properly trained, or (ii) these defendants purposely disregarded their training to make an illegal arrest of Plaintiff.

73. The acts and omissions of Defendant McCullough and Defendant Kinnan were done under color of state law.  These acts and omissions were done with a callous disregard and/or deliberate indifference for the rights of citizens in the City of Auburn, including Plaintiff and were the direct and proximate cause of the violation of the constitutional rights on Plaintiff.

74. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff has sustained general damages in an amount of at least $5,000,000. This amount includes, but is not limited to  (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b)

the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.  (d) The emotional distress and mental anguish of realizing that all of his hard work and the work of many people working on his campaign would be wasted.

### NINTH CLAIM FOR RELIEF
Municipal Liability for Violation of Plaintiff's
Constitutional Rights Under 42 U.S.C. § 1983
*Against Defendant City of Auburn*

75.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set forth herein.

76.  Plaintiff is informed and believes, and on that basis alleges, that there has been a pattern of violations of polices and procedures within the City of Auburn Police Department that allows a continuous pattern to emerge which violates the state and federal rights of the citizens of Auburn and specifically, violated the rights of Plaintiff in this action.

77. Plaintiff is informed and believes, and on that basis alleges, that Defendant City of Auburn had full knowledge of the continuous pattern of unlawful actions against the citizens of the City of Auburn because of the numerous complaints received throughout the years, including the complaints and claims by Plaintiff.

78. Plaintiff is informed and believes, and on that basis alleges, that Defendant City of Auburn has knowingly failed to properly investigate such complaints or cause the City of Auburn to conduct a thorough investigation into the complaints

16

received over the years and make a full and complete review to city officials and the public.

79. Plaintiff is informed and believes, and on that basis alleges, that and Defendant City of Auburn has failed to effectively supervise the officers employed for the City of Auburn Police Department by failing to provide adequate training in the day to day procedures of police officer duties.

80. The foregoing acts and omissions by Defendant City of Auburn have become the de facto customs, policies, and practices of the defendants. These customs, policies, and practices constitute a deliberate indifference to and a callous disregard for the state and federal rights of the citizens of Auburn and specifically, Plaintiff in this action.

81. The foregoing pattern of conduct that violates the state and federal rights of its citizens by Defendant City of Auburn made it highly likely that a police officer's actions would violate the state and federal rights of its citizens within their jurisdiction.

82. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff has sustained general damages in an amount of at least $5,000,000. This amount includes, but is not limited to  (a) the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, humiliation, the loss of Plaintiff's dignity and pride.  (d) The emotional distress and mental anguish of

realizing that all of his hard work and the work of many people working on his campaign would be wasted.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general, and special damages against each defendant, jointly and severally, in an amount proven at trial;
2. For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;
3. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper;
4. For costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law.

Dated: May 18, 2020                                        Respectfully submitted,


By:/s/ *Julia M. Young*
JULIA M. YOUNG
Attorney for Plaintiff
CHRISTOPHER KERSHNER