**LAW OFFICES OF JULIA M. YOUNG**
**JULIA M. YOUNG, SBN 225077**
4120 Douglas Blvd., Suite 306-494
Granite Bay, CA 95746
Tel: (916) 296-0786
Fax: (916) 914-1997
Email: juliayoung21@hotmail.com

Attorney for Plaintiff
CHRISTOPHER KERSHNER

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KERSHNER,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA EAGAN, Police Officer for the City of Auburn; PHILIP ISETTA, Police Officer for the City of Auburn; ANGELA McCOLLOUGH, Police Officer for the City of Auburn; CITY OF AUBURN, a city government and operator of the Auburn Police Department; and Does 1 through 50,<br><br>Defendants. | Case No.: 2:20-CV-01047-JAM-DB<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CHRISTOPHER KERSHNER, complains and alleges as follows:

## I. JURISDICTION

1. This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violations of Plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court also has supplemental

1

jurisdiction over Plaintiff's state law claims, if any, pursuant to 28 U.S.C. section 1367.

## II. VENUE

2. Plaintiff's claims, alleged herein, arose in the County of Placer, State of California. Venue is proper in this Court under 28 U.S.C. §1391(b) because all of the defendants reside, and the acts complained of occurred, within the territorial boundaries of this United States District Court. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

3. Intra-district venue is proper in the Sacramento Division of this Court under Local Rule 120(d) because the acts and omissions that are the basis of this complaint occurred within Placer County.

## III. INTRODUCTION

4. This is a civil rights complaint arising out of an allegation of unlawful arrest and false imprisonment of plaintiff that occurred on or about June 22, 2019, by Auburn Police Officers JOSHUA EAGAN, PHILIP ISETTA, and ANGELA McCOLLOUGH. All of these officers violated plaintiff's Fourth Amendment right against unreasonable search and seizure and plaintiff's Eighth Amendment right against cruel and unusual punishment.

5. On or about June 22, 2019, plaintiff was lawfully at Pistol Pete's, an entertainment venue in Auburn, California. Plaintiff was with several friends celebrating a party for a local Placer County high school principal's birthday when Auburn Police Officers JOSHUA EAGAN and PHILIP ISETTA entered the restaurant after they had spotted plaintiff eating pizza with friends. Officer

EAGAN and Officer ISETTA told Plaintiff he was violating the terms of his probation.

6. Defendant ANGELA McCOLLOUGH was the acting supervisor on duty that night on the day of the incident.

7. The defendants claimed Plaintiff was prohibited from being at Pistol Pete's. This information was false. Pistol Pete's was an approved venue where Plaintiff was allowed to visit even when his probation contained alcohol terms. The Auburn Police Department previously attempted to bar Plaintiff from Pistol Petes and a judge wouldn't approve it.

8. On June 13, 2019, more than a week prior to the incident, Plaintiff appeared before the Honorable Alan V. Pineschi who granted Plaintiff a modification to the terms of his probation allowing Plaintiff to consume alcohol and frequent establishments that primarily serve alcohol. Therefore, Plaintiff was within his rights and the terms of his probation to consume alcohol at Pistol Pete's.

9. Prior to approaching Plaintiff, both Officer Eagan and Officer Isetta informed employees of Pistol Pete's that they intended to arrest plaintiff. They even commented to patrons and other employees of the mini mall that "things were about to get exciting," demonstrating their intention to put many other lives at risk including the Plaintiff's.

10. After being approached by the officers, Plaintiff made numerous attempts to inform them that the terms of his probation had been modified and he was allowed to consume alcohol and was also allowed to be in an establishment that sold alcohol. Plaintiff was always allowed to be at the Pistol Pete's venue.

Plaintiff asked the officers to call his attorney to verify this information, but they refused.

11. Plaintiff was also in possession of a common non-narcotic medication for which he had a prescription. Plaintiff commonly carries these pills on his person his medication was inside its prescription bottle.

12. In the past, Auburn Police Officers have been observed giving other people warnings for violating alcohol terms at this same venue. The defendants could have very easily written a ticket or given a verbal warning which could have been taken care of at a later date. Instead, both defendants wanted to cause a scene to embarrass Plaintiff.

13. It was clear that the officers had no intention of following proper procedure, but only sought to harass plaintiff. The defendant law enforcement officers and the defendant City of Auburn Police department as the City of Auburn, had a custom and practice of not following established procedures, and engaged in many activities that violated the Plaintiff's constitutional rights to be free from illegal searches and seizures.

14. Plaintiff was arrested in front friends, professional contacts and hundreds of patrons at the venue. If the officers had verified the information, they would have learned that plaintiff was not violating the terms of his probation and had a legal right to consume alcohol and be at the restaurant.

15. Plaintiff was taken to Placer County Jail where he was booked for violating the terms of probation. Officer Eagan even taunted Plaintiff with a bail increase and Narcotics/Controlled Substance charge because of the prescribed medication

found on Plaintiff. The officers never attempted to verify that plaintiff had a valid prescription for these pills. Bail was set at $10,000.00.

16. Plaintiff was forced to post bail to be released from custody. After being released from custody, Plaintiff went to the emergency room at Sutter Auburn Faith Hospital because of the anxiety and stress caused by the arrest and to get a re-fill on the prescription pills that the defendants illegally seized.

17. Plaintiff's arrest for drugs was widely circulated on the internet and in the local newspaper and continues to be circulated on the internet to this day.

18. To this day, internet sources still show information that Plaintiff was arrested for narcotics on this date.

19. This arrest destroyed Plaintiff's professional reputation by painting a picture that he was a drug user or dealer. Plaintiff was running for Placer County Supervisor and this arrest and the subsequent media coverage destroyed his chances of election.

20. On or about July 3, 2019, less than two weeks from the date plaintiff was arrested, he received a letter from the Placer County District Attorney's Office which informed him that they were declining to file any charges due to insufficient evidence.

21. Through this complaint, plaintiff seeks to recover for the pain and suffering caused by defendants' actions. Specifically, plaintiff seeks compensation for pain and suffering, emotional distress, loss of income and other monetary loss as a result of defendants' negligent and intentional actions. Plaintiff also seeks

to recover punitive damages as a result of defendants' malicious and intentional act of arresting plaintiff.

22. In addition, Defendant, JOSHUA EAGAN, and his wife, KACY LEE EAGAN, filed a baseless and meritless restraining order against Plaintiff which resulted in Plaintiff having to hire two separate attorneys to represent him. JOSHUA EAGAN falsely claimed that Plaintiff had posted the Eagan's home address on social media. When asked for evidence of the social media post, JOSHUA EAGAN provided a few vague screenshots that couldn't be tied to Plaintiff and none showed the address he claimed was posted. After multiple court appearances, the restraining order was dismissed because defendant, JOSHUA EAGAN, couldn't show cause for the order.

## IV. PARTIES

23. Plaintiff, CHRISTOPHER KERSHNER, is a resident of the County of Placer, State of California.

24. Defendant JOSHUA EAGAN, is a Police Officer for the Auburn Police Department at the time of the incident and he is being sued in his individual capacity.

25. Defendant PHILIP ISETTA, is a Police Officer for the Auburn Police Department at the time of the incident and is being sued in his individual capacity.

26. Defendant ANGELA McCOLLOUGH, is a Police Officer for the Auburn Police Department at the time of the incident and is being sued in her individual capacity.

27. Defendant CITY OF AUBURN, located in Auburn, California, County of Placer is responsible for the management and oversight of the officers and employees of the City of Auburn Police Department, which include defendants EAGAN, ISETTA, and McCOLLOUGH.

28. The true names, identities and capacities of defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, or otherwise are unknown to Plaintiff. When their true names, identities, and capacities are ascertained, Plaintiff will amend this complaint by asserting their true names and capacities herein. Plaintiff is informed, believes, and thereon alleges, that at all times herein mentioned, all defendants, including Does 1 through 50, inclusive: (i) are qualified to do business in California, and/or did, in fact, do business in California; (ii) jointly perpetrated the acts herein with their co-defendants; (iii) were the successors in interest to, or agents, alter egos, principals, co-tenants, partners, joint venturers, or co-conspirators of their co-defendants in doing the things herein alleged; and/or (iv) were acting within the scope of their authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their co-defendants in doing the things herein alleged, and therefor are liable, jointly and severally, for all damages and other relief or remedies sought by complainant in this action.

29. Plaintiff alleges on information and belief that each of the Defendant DOES 1 through 50 were employed by the Auburn Police Department at the time of the acts alleged herein.

30. Plaintiff alleges that DOES 1 through 50 denied Plaintiff's right to be free from unreasonable search and seizure and to be free from cruel and unusual punishment. These denials have caused and/or contributed to plaintiff's injuries.

## V. EXHAUSTION OF PRE-LAWSUIT PROCEDURES

31. Plaintiff has exhausted all of his claims as required under federal law by filing a claim form with the City of Auburn within the time frame required.

## VI. FACTUAL ALLEGATIONS

32. Because of defendants' negligent and intentional actions, plaintiff was unlawfully arrested and incarcerated in the Placer County Jail. He was forced to post bail in order to be released. As a result of defendants' negligent and intentional actions, plaintiff suffered severe emotional distress, pain and suffering, and loss of income, loss of reputation in the community and other monetary damages.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Unreasonable Search and Seizure of Person and Property
Pursuant to the Fourth Amendment
(42 U.S.C § 1983)
*Against All Defendants*

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. The actions of defendants resulted in the unreasonable search and seizure of plaintiff. Because of defendants' intentional conduct, plaintiff was unlawfully arrested and taken into custody at Placer County Jail where he remained until he posted bail.

35. The actions of defendants resulted in a violation of plaintiff's constitutional right to be free from unreasonable searches and seizures.

36. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff endured pain and suffering, emotional distress, loss of income and other economic damages.

37. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

38. After Plaintiff was released from custody after posting bail, the defendants refused to return Plaintiff's medication that was seized.

39. Even after the Placer County District Attorney declined to file charges, Plaintiff's medication was never returned to him.

40. Plaintiff had a valid prescription for this medication. As stated previously, after being released from custody, Plaintiff went to Sutter Auburn Faith Hospital to be treated for anxiety and stress and also to have his medication re-filled because he could not be without it.

41. The actions of defendants resulted in a violation of plaintiff's constitutional right to be free from unreasonable searches and seizures. The unlawful seizure of his medication violated Plaintiff's constitutional rights.

42. As a direct and proximate result of said acts and/or omissions by defendants, plaintiff endured pain and suffering, emotional distress, and other economic damages.

43. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

**SECOND CLAIM FOR RELIEF**
Cruel and Unusual Punishment
(42 U.S.C. § 1983)
*Against All Defendants*

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

45. The actions of all defendants have resulted in a violation of plaintiff's constitutional right against cruel and unusual punishment. Plaintiff was kept in custody until he was allowed to post bail. The arrest in front of his friends and the other patrons at the restaurant resulted in severe emotional distress, pain and suffering, loss income and other monetary damages.

46. The aforementioned acts and/or omissions of defendants were malicious and sadistic and undertaken for the purpose of causing harm, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

47. The conduct of all of the defendants was outrageous and extreme and directed at Plaintiff for the sole purpose of causing him embarrassment in front of his friends and the other patrons. This was done in a calculated manner to cause severe emotional distress or was done with a substantial certainty that Plaintiff would suffer severe emotional injury.

48. Plaintiff had previously been assaulted by Placer County Sheriff's Deputies and taking him back to the jail where the previous attack occurred caused Plaintiff's

PTSD to resurface. This lawsuit was filed in federal court in the Eastern District of California and has since resolved favorably to Plaintiff.

49. At the time of the arrest, Plaintiff was running a viable campaign as a candidate for Placer County Supervisor. Plaintiff is a well-known member of the community, particularly in his stance against drug abuse. Defendants meritless arrest alleging possession of controlled substances caused the opposite picture of plaintiff to be circulated throughout the community.: that of a drug user, abuser and even drug dealer. Plaintiff is a long-time resident of Auburn, California and greatly cares for the community and the people of Auburn. Plaintiff ran for office because he believes in fairness and justice and wanted to make a difference in the community.

50. As a result of the arrest and the widespread media circulation of the arrest in the community, Plaintiff's chances for a successful campaign were destroyed.

51. At the time of the arrest, the defendants were aware that the Plaintiff was running for an elected office and knew that by arresting him, it would destroy his chances of a successful campaign.

52. Prior to the arrest, Plaintiff was running a viable campaign for office. He is a well known figure in the community, particularly in his stance against drug abuse. Plaintiff is a long-time resident of Auburn, California, and cares greatly for the community and the people of Auburn. He ran for office because he believes if fairness and justice and wanted to make a difference for the community.

53. As a direct result of the conduct of the defendants, Plaintiff suffered severe emotional and psychological damage.

11

54. The foregoing acts and omissions of the defendants were committed with unbridled malice that was despicable and done with the intentional disregard for Plaintiff's physical and mental person. As a result, punitive damages should be awarded against all defendants.

55. As a direct and proximate result of the foregoing conduct of defendants, Plaintiff has sustained general damages in an amount to be determined. This amount includes, but is not limited to, the severe emotional and mental distress caused by being arrested in front of his friends and the other patrons; (b) the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; (c) the mental distress which included feelings of helplessness, anxiety, defamation, the loss of Plaintiff's dignity and pride, the humiliation and mental distress caused by being arrested in front of his friends and the other patrons; the severe emotional distress of being taken back to the jail where the previous assault on him occurred by a Placer County Sheriff's Deputy; the emotional distress and mental anguish of realizing that all of his hard work and the work of many people working on his campaign would be wasted.

## **VIII.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general, and special damages against each defendant, jointly and severally, in an amount proven at trial;

2. For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;

3. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper;

4. For costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988 and as otherwise authorized by statute or law.

Dated: May 7, 2021                                      Respectfully submitted,


                                            By:*/s/ Julia M. Young*
                                            JULIA M. YOUNG
                                            Attorney for Plaintiff
                                            CHRISTOPHER KERSHNER