UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER KERSHNER,

Plaintiff,

v.

JOSHUA EAGAN, Police Officer for the City of Auburn, et al.,

Defendants.

No. 2:20-cv-01047-JAM-DB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Christopher Kershner ("Plaintiff" or "Kershner") sued Police Officers Joshua Eagan, Philip Isetta, Angela McCollough, and Ryan Kinnan, as well as the City of Auburn and 50 unnamed Does ("Defendants"), alleging wrongful arrest and seizure of his prescription medication in violation of his Fourth and Eighth Amendment rights under U.S.C. § 1983. See First Am. Compl. ("FAC"), ECF No. 4. Plaintiff also brought superior liability and Monell claims. Id.

Defendants move to dismiss: (1) Plaintiff's first § 1983 claim insofar as it alleges wrongful seizure of prescription medication under the Fourth Amendment; (2) Plaintiff's second § 1983 claim under the Eighth Amendment; (3) Plaintiff's superior liability claim against Defendant McCollough; and (4) Plaintiff's Monell claim. See Mot. to Dismiss ("Mot."), ECF No. 5.

Defendants also seek to strike Paragraph 22 from the FAC and to dismiss Plaintiff's prayer for punitive damages and prayer for injunctive relief. Id. Plaintiff opposes the motion. See Opp'n, ECF No. 6. Defendants replied. See Reply, ECF No. 7. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.[1]

I. BACKGROUND

Kershner, who is currently on probation, aspires to run for Placer County Supervisor. FAC ¶¶ 7, 19. On June 22, 2019, while celebrating a birthday at a local bar, Kershner was approached by Auburn Police Officers Eagan and Isetta who informed him he was violating the terms of his probation by drinking alcohol and being at a venue that sold it. Id. ¶ 5. Kershner told the officers that they were mistaken and that he was in compliance with his probation terms, as a judge had recently granted him a modification that allowed him to do both. Id. ¶¶ 8,10. The officers still proceeded to arrest and search Kershner. Finding medication on his person, they confiscated it. Id. ¶¶ 11, 14. Kershner alleges he had a prescription for the confiscated medication and that it was a common, non-narcotic drug. Id. ¶ 11.

Kershner was taken to Placer County Jail and booked for violating the terms of his probation. Id. ¶ 15. His bail was set at $10,000.00, which he paid. Id. After he was released

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 24, 2021.

from custody, Kershner went to the Sutter Auburn Faith Hospital to re-fill his prescription. Id. ¶ 16. Kershner alleges that Defendants refused to return his medication. Id. ¶ 38.

The week after his arrest, Kershner received a letter from the Placer County District Attorney's Office informing him they were declining to file any charges. Id. ¶ 20. Ten months later, Kershner filed this suit. See Compl., ECF No. 1.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility under Twombly requires "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'" Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id. Additionally, the Court should grant leave to amend, unless the "pleading could not possibly be cured by the allegation of other facts." Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir.

1990).

B. Analysis

1. Fourth Amendment Claim

Defendants move to dismiss Plaintiff's Fourth Amendment claim for unreasonable seizure of his personal property during his arrest, contending qualified immunity immunizes them from this claim. Mot. at 5.

Qualified immunity protects government officials from liability for money damages unless their conduct violates "clearly established" law that a reasonable public official would have known. Pearson v. Callahan, 555 U.S. 223, 231 (2009). The inquiry for the Court is two-fold. Saucier v. Katz, 533 U.S. 194, 200 (2001). First, the Court must determine whether the facts alleged, taken in the light most favorable to the plaintiff, constitute a violation of a constitutional right. Id. Second, the Court must determine whether the constitutional right was clearly established at the time of the alleged violation. Id. Answering either of these questions in the negative means the government official(s) are entitled qualified immunity. Id. at 201. A court may address the second prong of the qualified immunity test first if it is clearly dispositive and if doing so would resolve the case efficiently. Pearson, 555 U.S. at 242.

Turning to the second prong first, the question is whether Plaintiff had a clearly established constitutional right to the return of his seized prescription medication after he was released on bail. The parties dispute this issue. Mot. at 6; Opp'n at 3.

Defendants argue it is not clearly established that a failure to return seized medication violates the Fourth Amendment. Mot. at 6. To support their argument, Defendants cite Jessop v. City of Fresno, which held that a "lack of any cases of controlling authority or a consensus of cases of persuasive authority on the constitutional question compels the conclusion that the law was not clearly established at the time of the incident." 936 F.3d. 937, 942 (internal citations omitted) (9th Cir. 2019). Defendants, in their reply, further assert that the claim should be dismissed because Plaintiff fails to point to any controlling cases demonstrating legal consensus in his favor. See Reply at 2.

Plaintiff does not respond to Defendants' argument in opposition, and, as Defendants point out, he does not provide any controlling authority that compels the Court to conclude he had a clearly established constitutional right. Instead, Plaintiff argues that Defendants are not entitled to qualified immunity because their actions were "intentional and cannot be considered an oversight." Opp'n at 3. This is insufficient.

While evaluating the second prong of the qualified immunity test, the Court "does not require a case directly on point . . . [but] existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). Here, there is no such case directly on point. Because Plaintiff has not identified a clearly established right, Defendants are entitled to qualified immunity and the Court need not address the first prong of the Saucier test. Accordingly, this claim is dismissed with

prejudice given that any further amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

2. Eighth Amendment Claim

Defendants also move to dismiss Plaintiff's Eighth Amendment claim in its entirety, arguing among other things that the Plaintiff improperly engaged in shotgun pleading. Mot. at 4. However, because the shotgun pleading doctrine is only another way of assessing whether the pleading standard has been met, the Court folds this argument into its discussion below. See Sollberger v. Wachovia Sec., LLC, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, *4 (C.D. Cal. June 30, 2010) (stating that "[r]elated to plausibility and particularity is the concept of shotgun pleading").

Here, Plaintiff has failed to state a claim of cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment protects against the infliction of cruel and unusual punishment, but its protections apply only after conviction and sentence. U.S. Const., amend. VIII, § 3; Bell v. Wolfish, 441 U.S. 520, 535 (1979); Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). Plaintiff himself alleges he was never charged or convicted of a crime after his arrest. FAC ¶ 20. Because none of the actions complained of in the FAC occurred after conviction, the plaintiff cannot maintain his Eighth Amendment claim.

As for Plaintiff's excessive bail claim, Defendants rightfully point out that bail amounts are set by the Court in California. Mot. at 5. In instances where the arrestee does

not appear before a judge of the court and where there is no warrant of arrest, then "the amount of bail shall be pursuant to the uniform countywide schedule of bail for the county in which the defendant is required to appear." California Penal Code § 1269b(b). This schedule is prepared, adopted, and annually revised by the superior court judges in each county. Id. at § 1269b(c). Defendants were not, in other words, responsible for setting Plaintiff's bail.

The problem this poses for Plaintiff is one of proving causation, which is a necessary element of a § 1983 claim. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996). The 9th Circuit has held that "a judicial officer's exercise of independent judgement in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision." Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007). To survive a motion to dismiss, Plaintiff must therefore allege some action on Defendants' part that impeded or improperly influenced the judge's "independent judgement." Id. The only relevant fact Plaintiff alleged was that "Officer Eagan even taunted Plaintiff with a bail increase . . . because of the prescribed medication." FAC ¶ 15. Because this fails to give rise to a plausible inference that Defendants caused Plaintiff's bail to be increased, Plaintiff has failed to state an excessive bail claim against Defendants. Accordingly, Plaintiff's Eighth Amendment claim is dismissed with prejudice. No further amendment of this claim is permitted as such amendment would be futile. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d

1043, 1049 (9th Cir. 2006).

3. Supervisory Liability Claim against Defendant McCollough

Defendants move to dismiss Plaintiff's supervisory liability claim against Defendant McCollough. Mot. at 6. Under § 1983, a supervisory official is not liable for a subordinate's actions under any theory of vicarious liability. Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be liable for the acts of a subordinate when there is (1) personal involvement in a constitutional deprivation or (2) if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Id. A causal connection may be established "by setting into motion a series of acts by others," or by "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (cleaned up).

Defendant contends that Plaintiff has failed to allege sufficient facts to support a claim for supervisory liability. Mot. at 6. Plaintiff alleges only that Defendant McCollough "was the acting supervisor on duty that night on the day of the incident." FAC ¶ 6. Because Plaintiff fails to allege in the FAC any facts showing personal involvement or any wrongful conduct by Defendant McCollough, Plaintiff fails to state a claim for which relief may be granted under Rule 12(b)6). Thus, this claim is dismissed without prejudice.

4. Monell Claim

Defendant City of Auburn moves to dismiss Plaintiff's Monell claim because the Plaintiff did not allege sufficient facts to satisfy the pleading requirements. Mot. at 8. Under Monell, municipalities can be sued directly under 42 U.S.C. § 1983 for an unconstitutional custom, policy, or practice. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To establish municipal liability, "a plaintiff must show (1) he possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind the constitutional violation." Sweiha v. Cty. of Alameda, No. 19-CV-03098-LB, 2019 WL 48482227 at *3 (N.D. Cal. Oct. 1, 2019) (citing Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

Only one allegation in the FAC even refers to a Monell claim—that "defendant law enforcement officers and the defendant City of Auburn Police department as [sic] the City of Auburn, had a custom and practice of not following established procedures, and engaged in many activities that violated the Plaintiff's constitutional rights to be free from illegal searches and seizures." FAC ¶ 13. This allegation is too general to support the existence of an unconstitutional custom of policy, which must be so "persistent and widespread" as to be a "permanent and well settled city policy." Leon v. Hayward Bldg. Dep't, No. 17-cv-02720-LB, 2017 WL 3232486, at *3 (N.D. Cal. July 31, 2017) (some internal quotation marks omitted)

(quoting Hunter v. Cty. of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011)). The FAC fails to "put forth additional facts regarding the specific nature of [the] alleged policy, custom, or practice." AE ex rel. Hernandez v. Cty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). For these reasons, Plaintiff's Monell claim fails. This Court finds that any further amendment would be futile and dismisses this claim with prejudice. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

5. Damages and Injunctive Relief

Finally, Defendants seek to strike Paragraph 22 and to dismiss Plaintiff's prayer for punitive damages and prayer for injunctive relief.[2] Mot. at 8. Plaintiff does not oppose this request in his opposition and thereby waives this argument. See Resnick v. Hyundai Motor America, Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192 at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument").

Therefore, the Court strikes Paragraph 22 of the FAC. Additionally, the Court grants Defendants' motion to dismiss Plaintiff's prayers for punitive damages and for injunctive

---

[2] Defendants actually requested the Court strike the prayers for punitive damages and injunctive relief under Rule 12(f). See Mot. at 9. However, the Ninth Circuit has held this is not authorized under 12(f) and thus the Court construes this as a request to dismiss under 12(b)(6). See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 971-74 (9th Cir. 2010) ("Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." Rather this "is better suited for a Rule 12(b)(6) motion.")

relief without leave to amend.

III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. The Court:

1. GRANTS Defendants' Motion to Dismiss the claim of unlawful seizure under the Fourth Amendment pursuant to 42 U.S.C. § 1983 with prejudice;

2. GRANTS Defendants' Motion to Dismiss the claims of cruel and unusual punishment and excessive bail under the Eighth Amendment pursuant to 42 U.S.C. § 1983 with prejudice;

3. GRANTS Defendants' Motion to Dismiss the supervisory liability claim against McCollough with leave to amend;

4. GRANTS Defendants' Motion to Dismiss the Monell claim pursuant to 42 U.S.C. § 1983 with prejudice;

5. GRANTS Defendants' Motion to Strike Paragraph 22 of the FAC; and

6. GRANTS Defendants' Motion to Dismiss Plaintiff's request for punitive damages and injunctive relief with prejudice.

If Plaintiff intends to file an amended supervisory liability claim, he must do so within twenty (20) days of this Order. Defendants' responsive pleading is due twenty (20) days thereafter. If Plaintiff does not file an amended complaint, the case will proceed on the remaining claims in the FAC.

IT IS SO ORDERED.

Dated: September 22, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE