1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER KERSHNER,                No.  2:20-cv-1047 DAD DB PS

12              Plaintiff,

13        v.                              ORDER AND

14   JOSHUA EAGAN, et al.,                FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff Christopher Kershner is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   On July 25, 2022, the court issued an order setting this matter for a Status (Pretrial Scheduling)

20   Conference before the undersigned on August 26, 2022.  (ECF No. 29.)  Pursuant to that order,

21   plaintiff was to file a status report on or before August 12, 2022.  Plaintiff, however, failed to file

22   the required status report.

23        Accordingly, on August 19, 2022, the court issued an order to show cause, ordering

24   plaintiff to show cause in writing within fourteen days as to why this action should not be

25   dismissed for lack of prosecution.  Plaintiff was warned that the failure to timely comply with that

26   order could result in a recommendation that this case be dismissed.  (Id. at 2.)  Nonetheless, the

27   time provided plaintiff has expired and plaintiff has not responded to the August 19, 2022 order.

28   ////

1

1    Moreover, on July 12, 2022, defendants filed a motion to compel and noticed the motion

2    for hearing before the undersigned on September 16, 2022.  (ECF No. 28.)  On September 2,

3    2022, defendants filed a statement in support of the motion.  (ECF No. 34.)  According to

4    defendants' statement, plaintiff has not responded to defendants' attempts to communicate.  (Id.

5    at 2.)

6                                          ANALYSIS

7    The factors to be weighed in determining whether to dismiss a case for lack of prosecution

8    are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

9    to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

10   disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of

11   El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

12   1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

13   should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d

14   at 1260.

15   Failure of a party to comply with the any order of the court "may be grounds for

16   imposition by the Court of any and all sanctions authorized by statute or Rule or within the

17   inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

18   without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

19   Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

20   rules and law may be grounds for dismissal or any other sanction appropriate under the Local

21   Rules.  Id.

22   Here, plaintiff has failed to respond to the July 25, 2022 order and has failed to

23   communicate with defendants regarding the motion to compel.  Plaintiff was warned that the

24   failure to file a written response to that order could result in a recommendation that this matter be

25   dismissed.  In this regard, plaintiff's lack of prosecution of this case renders the imposition of

26   monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the

27   court's need to manage its docket, and the risk of prejudice to the defendant all support the

28   imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits

2

counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes

disposition on the merits an impossibility.  The undersigned will therefore recommend that this

action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply

with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' July 12, 2022 motion to compel (ECF No. 28) is denied without prejudice

to renewal[1]; and

2.  The September 16, 2022 hearing of defendants' motion is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's May 7, 2022 amended complaint (ECF No. 4) be dismissed without

prejudice; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 6, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/kershner1047.dlop.f&rs

---

[1] In the event these findings and recommendations are not adopted in full defendants may re-notice their motion to compel for hearing before the undersigned.

3